NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BANK BUILDING ASSOCIATES LIMITED PARTNERSHIP and UNITED STATES LAND RESOURCES, L.P.,

    Appellants,

v.

CHARLES M. FORMAN, Trustee

    Appellee.

Case No. 17-cv-7266 (SDW)

**OPINION**

December 20, 2017

**WIGENTON**, District Judge.

Before this Court is Appellants United States Land Resources, L.P. ("USLR") and Bank Building Associates Limited Partnership's ("Bank Building" or "Debtor") (collectively, "Appellants") Appeal of the Bankruptcy Court's July 14, 2017 Order. Jurisdiction is proper pursuant to 28 U.S.C § 158(a)(1). The motion and appeal are decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court **AFFIRMS** the Bankruptcy Court's Order.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

The Court writes only for the parties and, therefore, sets out only those facts relevant to the matters before it. On December 30, 2014, Bank Building filed a voluntary Chapter 11 petition. (A2, DE 1.)[1] Lawrence S. Berger, Esq. ("Berger") signed the petition on behalf of United States

---

[1] All citations to "A" refer to the Appendix filed by Appellee Andrew R. Vara, Acting United States Trustee. (Dkt. No. 7.) All citations to "DE" refer to docket entries for case number 14-35958-VFP in the District of New Jersey Bankruptcy Court. All citations to "Dkt. No." refer to docket entries in the instant appeal.

Realty Resources, Inc. ("USSR"), a general partner of USLR, which in turn is the general partner, 50% owner, and largest unsecured creditor of Bank Building. (A45, DE 12.) In March 2015, Bank Building sold its only asset, and Bank Building and the United States Trustee ("UST") subsequently entered into a consent order directing the appointment of a Chapter 11 trustee to manage the proceeds of that sale. (A29, DE 120, 121, 122.)

On December 8, 2016, Charles M. Forman ("Forman"), then an attorney at the law firm of LeClairRyan ("LeClair"), was appointed as the Chapter 11 trustee. (A30, DE 124.) As part of his appointment, Forman verified that he had "no connections with the debtor, creditors, [or] any other parties in interest" other than LeClair's role as counsel for Verizon (a creditor of Bank Building) and the State of New Jersey "in unrelated matters." (A56.) On December 21, 2016, Forman applied to employ LeClair as trustee's counsel. (A31, DE 130.) LeClair verified that its connections to the "Debtor, creditors, any other party in interest" were limited to representation of "the State of New Jersey, ADT Security Systems, and Verizon, unsecured creditors of the Debtor, in certain matters unrelated to the Debtor." (A31, DE 130.) The Bankruptcy Court authorized LeClair's employment on January 17, 2017. (A31, DE 132.)

On May 1, 2017, Forman amended the application to retain LeClair in order to disclose two additional connections. (A37, DE 170.) The first was LeClair's representation of CIT Technology Services ("CIT") in a collection action against USRR[2] and the second, its representation of Oritani Bank ("Oritani") in an action against USLR and Berger that had settled in 2015.[3] (A90-92, DE 170.) Forman stated that neither connection had previously been disclosed because of an oversight in LeClair's conflicts check process. (*Id.*)

---

[2] The action arose from an office copier lease and involved a disputed payment of just under $25,000.00.
[3] Forman filed the amended application after receiving a letter from Berger informing him of LeClair's representation of CIT. (A58-59.)

2

On June 5, 2017, Appellants moved to remove Forman as trustee and to oppose the retention of LeClair due to the incomplete disclosures. (A44-49.)[4] Forman left LeClair to start his own firm, Formanlaw LLC, d/b/a Forman Holt on or about June 10, 2017.[5] (A38, DE 175.) On June 15, 2017, Forman filed an application to retain his new firm as trustee's counsel instead of LeClair. (A28, DE 175.) That same day, the Bankruptcy Court held a hearing on Appellants' motion and denied it on the record. (A183-236) The decision was formalized in an Order entered on July 14, 2017. (A237-38.) On July 24, 2017, Berger filed a notice of appeal on behalf of Bank Building and USLR. (A239-244.)[6] The instant appeal was fully briefed as of December 4, 2017. (Dkt. No. 8.)

**II.    LEGAL STANDARD**

This Court reviews the Bankruptcy Court's "factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (internal citations omitted); *see also Cooper Elec. Supply Co. v. Linear Elec. Co.*, No. 15-cv-6429(SDW), 2016 WL 781770 at *2 (D.N.J. Feb. 29, 2016). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*,

---

[4] It appears that Forman's only omission was of ADT Security Systems ("ADT"), although that entity was disclosed on LeClair's verified statement. (A92.) ADT was a creditor of Debtor and was owed $2,984.68. (A93 (noting also that the amount was undisputed).)

[5] None of the disclosed connections moved with Forman to his new firm. (A38.)

[6] Appellants' motion before the Bankruptcy Court was limited to the issues of removing Forman and objecting to the retention of LeClair. (*See* A44.) Although Appellants' briefing papers contained the additional argument that neither Forman nor LeClair should be paid for their work, the Bankruptcy Court found that there was no fee application before it and, therefore, did not address the issue. (A48 ¶ 18, A49 ¶ 19, A53 ¶¶ 46, 48, A218, 214.) The Notice of Appeal does not include fees as an issue on appeal. (A244.) Therefore, despite Appellants' discussion of the disallowance or disgorgement of fees in their moving and reply briefs, the issue of fees is not properly before this Court and will not be addressed.

3

333 U.S. 364, 395 (1948)). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999). Additionally, this Court reviews the Bankruptcy Court's conclusions of law *de novo*. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222-23 (3d Cir. 1989).

### III. DISCUSSION

#### A.

A trustee in a bankruptcy case must be a "disinterested person." 11 U.S.C. § 101(14). A disinterested person is one who: "(A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor or for any other reason." 11 U.S.C. § 101(14). In order to ensure that the trustee is, in fact, disinterested, the Bankruptcy Rules require that applicants provide a verified statement that discloses "to the best of the applicant's knowledge, all of the person's connections to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." FED. R. BANKR. P. 2007.1(c).

Once appointed, a trustee may only be removed "for cause." 11 U.S.C. § 324(a). "Cause" is not defined in the code, and must be determined on a case-by-case basis. *See, e.g.*, *In re BHP, Inc.*, 949 F.2d 1300, 1312-13 (3d Cir. 1991); *In re Lundborg*, 110 B.R. 106, 108 (D. Conn. 1990). Cause has been found "where there is evidence of fraud, an injury to the debtor's estate, or a breach of fiduciary duty by the trustee." *Fischetti v. Scarpone*, Civ. No. 06-4838(SRC), 2008 WL 877853, at *3 (D.N.J. Mar. 28, 2008) (internal citations omitted). The decision to remove a trustee under

4

Section 324(a) is reviewed by this Court for abuse of discretion. *In re BH&P*, 949 F.2d at 1313 (noting that such a decision is "a matter committed to the sound discretion of the bankruptcy court").

Appellants claim that the Bankruptcy Court erred by not removing Forman after it became clear that his verified statement did not disclose all of his connections to interested parties, arguing, in essence, that *any* lack of disclosure requires removal. (*See* A188 (stating that "the violation of Rule 2014 itself, is grounds for disqualification of both Mr. Forman and the law firm . . ."), A189-90.) However, Appellants cite to no authority supporting such a mandate, and that is not the standard in this circuit. *See, e.g.*, *In re BHP*, 949 F.2d at 1312-13. Here, the Bankruptcy Court found no cause to remove Forman after it determined that the nondisclosures: 1) were unintentional; 2) were centered on LeClair's representations rather than Forman's personal connections; and 3) do not impede Forman's ability to disinterestedly administer Bank Building's estate because Forman has left LeClair and those representations did not move with him to his new firm. (A194-96, 223-31.)[7] This Court is satisfied that the Bankruptcy Court correctly considered the nature and effect of Forman's connections and properly exercised its discretion in denying Appellants' motion to remove him.

B.

Trustee's counsel in a bankruptcy case must also be disinterested. 11 U.S.C. § 327(a) (permitting a trustee to employ attorneys that "do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties"). In order to ensure that trustee's counsel is disinterested, the Bankruptcy Rules also require that applicants for those positions to provide a verified statement that discloses "to the

---

[7] The Bankruptcy Court also found no actual or potential conflicts on Forman's part, undermining further any argument that he should be removed for cause. (A223-31.)

5

best of the applicant's knowledge, all of the person's connections to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." FED. R. BANKR. P. 2014(a) (setting forth the disclosure requirements for applicants for trustee's counsel). Disqualification of trustee's counsel is required only where counsel has an "actual conflict." *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 476-77 (3d Cir. 1998). The Bankruptcy Court "has discretion to disqualify an attorney who has a potential conflict of interest" but may not disqualify an attorney "on the appearance of conflict alone." *Id.*

Here, Appellants claim that the Bankruptcy Court erred by not rejecting LeClair's retention after it became clear that the firm's verified statement did not disclose all of its connections to interested parties. (*See* A189-90.) Once again, Appellants misstate the standard in this circuit. The removal of a trustee is driven by the existence of an actual or potential conflict of interest, not the failure to disclose alone. When questioned by the Bankruptcy Court at oral argument, Appellants' counsel conceded that none of LeClair's connections created actual or potential conflicts.

> The Court: So is the motion based on 2014, I think that's what you're saying, and the failure to disclose all of the connections?
> Mr. Berger: That's correct, Your Honor.
> The Court: So it's not based on an actual conflict of interest?
> Mr. Berger: That's correct.
> The Court: And it's not based on the appearance of a conflict?
> Mr. Berger: That's definitely correct.
> The Court: And not based on a potential conflict?
> Mr. Berger: That's correct also.

(*Id.*)

Despite Appellants' concession, the Bankruptcy Court independently reviewed LeClair's original and amended application and found that although the firm had failed to fully comply with its disclosure obligations, that failure was "not egregious" and that it was caused by "a

6

failure of internal procedures which was acknowledged" and ultimately, rectified. (A195-96.) The UST also stated for the record that when Forman and LeClair "discovered their additional conflicts" they "immediately" disclosed those additional connections to both the UST and the court. (A215.) The Bankruptcy Court then reviewed the nature of the connections LeClair had in light of the elements of Section 101(4) and found no actual or potential conflict of interest requiring the disqualification of the firm, as the connections it failed to disclose involved settlements that had been entered into "two or more years ago." (A225-27.) This Court is satisfied that the Bankruptcy Court applied the correct legal standard and appropriately exercised its discretion in not disqualifying LeClair as trustee's counsel.[8]

## IV. CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the Bankruptcy Court's July 14, 2017 Order. An Order consistent with this Opinion follows.

s/ *Susan D. Wigenton*_____  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk  
cc:          Parties

---

[8] As Forman has since moved to replace LeClair as trustee's counsel with his new firm Forman Holt, this issue is also moot.